UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUNIOR MONTEIRO MANUEL CAPITAO,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General, et al.,

Respondents.

Case No. C26-3519-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Junior Monteiro Manuel Capitao's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the Petition, a Return filed by the Government, Dkt. #4, a Traverse, Dkt. #7, and the remainder of the record.

The following facts are taken from the Petition and a declaration submitted by an ICE officer, Dkt. #6. Petitioner is a native and citizen of Angola who entered the United States on February 7, 2023, without being inspected or admitted. Customs and Border Patrol ("CBP") encountered Petitioner that same day and determined he had entered the United States illegally. He was released on an Order of Release on Recognizance ("OREC") on February 9, 2023.

On August 2, 2023, Petitioner filed an application for asylum under INA § 208, 8 U.S.C. § 1158, withholding under the INA § 241(b)(3), 8 U.S.C. 1251(b)(3), and protection under the Convention Against Torture.

On July 9, 2026, Petitioner was arrested by the Kent Police Department, in Kent, Washington, for Assault in the Fourth Degree, domestic violence enhancement, in violation of Revised Code of Washington ("RCW") § 9A.36.041(2). That same day, the Kent Municipal Court issued a No Contact Order ("NCO"), prohibiting Petitioner from contacting the protected person and/or the child of the protected person. He was not detained on this charge. Twenty-one days later, on July 30, 2026, Petitioner was arrested by ICE, his OREC revoked, and he was transported to the NWIPC. He did not receive a bond hearing prior to his detention. He has not been convicted of this crime.

On August 26, 2026, Petitioner received a merit hearing before an immigration judge in his removal proceedings. After review of the evidence, including Petitioner's testimony, the immigration judge issued a decision denying Petitioner's application for asylum, withholding under the INA, and protection under Convention Against Torture, ordering him removed to Angola. Petitioner has appealed to the Board of Immigration Appeals ("BIA").

On August 27, 2026, Petitioner received a requested custody re-determination hearing before an immigration judge. The immigration judge determined Petitioner was detained under INA § 235(b), 8 U.S.C. 1225(b), and declined consideration.

Petitioner has not had a subsequent bond hearing and remains detained at the NWIPC.

Respondents maintain that Petitioner's pending charge of assault of the fourth degree constitutes a material change in circumstances since his initial release, and that this material

change warrants a post-deprivation hearing to "reassess his dangerousness and risk of flight" rather than immediate release. Dkt. #4 at 4–5 (citing cases).

Petitioner maintains that Due Process requires a pre-deprivation hearing based on the legal standard set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Dkt. #7 at 2 (citing *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323-24 (W.D. Wash. 2025)). Petitioner argues:

> Petitioner's circumstances is not a special case in which a pre-deprivation hearing was impracticable due to the urgency of his arrest. Respondents argue that the Petitioner's arrest constitutes a material change in circumstances sufficient to justify his detention without a pre deprivation hearing, and that the Petitioner constitutes such a danger that this Court should not order his immediate release but instead simply order a post-deprivation hearing. Dkt. 4 at 4-5. However, not every material change in circumstance warrants an urgent arrest in which a pre deprivation hearing would become unreasonably burdensome to Respondents.
>
> Respondents submitted no evidence to explain why Mr. Manuel Capitao's circumstances constituted a special case that would require an urgent arrest without a pre-deprivation hearing – such as that providing a pre-deprivation hearing would cause significant delay or costs. Indeed, Respondents did not act urgently in arresting Mr. Manuel Capitao, as he was re-detained weeks after his arrest, and only after Mr. Manuel Capitao voluntarily presented himself at the local ICE office. The Respondents also ignore the fact that Mr. Manuel Capitao was released by Washington State authorities after his arrest, an act that further suggests that he does not constitute an urgent threat to safety.

*Id*. at 3.

The Court agrees with Petitioner. Respondents acknowledge that, under the repeated rulings of this Court, Petitioner's due process rights were violated when he was detained without a bond hearing. *See* Dkt. #4 at 4 (citing cases). Although Respondents cite to other cases where this Court has ordered a post-deprivation hearing, the Court agrees with Petitioner that the facts of this case do not justify such because of the lack of urgency in the ICE arrest and the procedural safeguards already in put in place by the Kent Municipal Court.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Petitioner shall be released **no later than October 22, 2026**, and not re-detained without adequate notice and a meaningful opportunity to respond. The Court DIRECTS Respondents to file a status update with the Court no later than **October 23, 2026**.

DATED this 20th day of October, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE